979 F.2d 855
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PROJECT MANAGEMENT SYSTEMS, INC., Plaintiff-Appellant,
v.
WELCOM SOFTWARE TECHNOLOGY CORPORATION, Defendant-Appellee.
 No. 91-16290.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1992.*
Decided Nov. 23, 1992.
 
 Before GOODWIN, FARRIS and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Project Management Systems, Inc. ("Project") acted as a dealer for Welcom Software Technology Corporation ("Welcom"). The district court granted summary judgment against Project on its claims of breach of contract and violation of California Business and Professional Code § 17200. We affirm.
 
 
 3
 Welcom and Project operated in the absence of a written dealership agreement. In August 1989, Welcom asked Project to sign its standard dealership agreement. Project responded with a counter-proposal which provided for post-termination commissions equal to Project's resale profits for a period of six months if Welcom were to terminate the dealership agreement. Welcom countered by proposing a 10% post-termination commission for a period of six months. Project rejected this proposal, and Welcom terminated Project as a dealer.
 
 STANDARD OF REVIEW
 
 4
 A grant of summary judgment is reviewed de novo. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). On review, the court must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 BREACH OF CONTRACT CAUSE OF ACTION
 
 5
 Project argues that under Lura v. Multaplex, Inc., 129 Cal.App.3d 410 (1982), it is entitled to post-termination commissions on sales made to its former customers.
 
 
 6
 Project's reliance upon Lura is misplaced. In Lura, two parties entered into an agreement whereby one of the parties agreed to solicit customers for the other party. The solicitor had no continuing duty to service these accounts. Indeed, once the customers had been solicited, they dealt directly with the party providing the goods. Since the solicitor had fully performed his side of the bargain through the procurement of customers, the other party was under an obligation to fulfill its contractual obligation to pay the solicitor a percentage of all its billings to these customers. Lura, 129 Cal.App.3d at 415.
 
 
 7
 However, in the present case, Welcom's contractual obligation was to pay a commission on sales by Project. In contrast to Lura, Welcom's obligation did not relate to the procurement of customers by Project; rather, it involved the completion of sales to customers.
 
 
 8
 Furthermore, the record reveals that Project's efforts to negotiate a provision for post-termination commissions precipitated Welcom's termination of Project as a dealer. These failed negotiations reveal that the parties expressly considered and rejected Project's claim for post-termination commissions. We therefore find that Project acted only as a salesman for Welcom, and that Welcom's obligation to pay commissions to Project was limited to completed sales, not to sales to specific customers. There is no basis for an equitable accounting as the district court correctly granted summary judgment against Project on its breach of contract claim.
 
 UNFAIR COMPETITION CAUSE OF ACTION
 
 9
 California Business and Professional Code § 17200 protects persons from "unlawful, unfair or fraudulent business practice[s]." A litigant must show ongoing conduct or a pattern of conduct, rather than a single transaction, in order to make a claim under section 17200. See, e.g., State of California ex rel. Van de Kamp v. Texaco, Inc., 46 Cal.3d 1147, 1169-70 (1988).
 
 
 10
 The district court found that plaintiff had failed to allege more than a single transaction and had failed to allege any facts to show that Project's conduct was fraudulent, unfair, or unlawful. The court's reasoning is sound.
 
 CONCLUSION
 
 11
 The district court's judgment is AFFIRMED. Welcom's request for sanctions pursuant to Federal Rule of Appellate Procedure 38 is denied.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3